# Gordon *v.* Ballentine's Administrator.

### *Insolvent Estate ; Contest among Creditors.*

*Forfeiture of claim under statute of non-claim.* — If a creditor fails to present or file his claim against the decedent's estate within the time prescribed by the statute (Rev. Code, § 2239), because he expects to receive a larger amount from the estate as a legacy under the decedent's will, this does not excuse his failure, nor relieve his claim from forfeiture.

APPEAL from the Probate Court of Mobile.

In the matter of the estate of William Ballentine, deceased, which was declared insolvent on the 15th March, 1870, and against which a claim was filed by the appellant on the 22d April, 1870. This claim was rejected by the court, on motion of the other creditors ; and this ruling, to which an exception was reserved, is now assigned as error.

ALEX. MCKINSTRY, for appellant.

W. BOYLES, *contra.*

[Pool v. Minge.]

B. F. SAFFOLD, J. — The estate of William Ballentine, of which the appellee was the administrator, was declared insolvent on the 15th of March, 1870. His will was admitted to probate on the 27th of April, 1868. It contained a bequest to the appellant of $5,000, besides some household and kitchen furniture. On the 22d of April, 1870, the said appellant, finding the estate insolvent, filed a claim against it of $1,600, for personal services rendered to the decedent. This claim was objected to by creditors, on the ground that it was not presented to the administrator, nor filed in the probate court, within eighteen months from the grant of letters of administration, and was consequently barred by the statute of non-claim. To this objection the claimant replied, that it was intended the claim should be settled with the legacy, but, as the estate was insolvent, she had, immediately on learning the fact, filed it as a charge. This reply was demurred to, and the demurrer was sustained. The claimant declining to plead further, the claim was rejected.

It is apparent that the claim had not been presented within eighteen months after it had accrued, or after the grant of letters of administration, as required by R. C. § 2239. The dependence of the claimant on her legacy was her misfortune. By it she waived her right as a creditor, until she forfeited it.

The decree is affirmed.